IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 13-15602-BFK |
| KRAZE BETHESDA, LLC ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ELM STREET ASSOCIATES, LLC ) | |
| ) | |
| Movant, ) | |
| v. ) | |
| ) | |
| KRAZE BETHESDA, LLC ) | |
| ) | |
| Respondent. ) | |

### ELM STREET ASSOCIATES, LLC'S MOTION FOR
### RELIEF FROM THE AUTOMATIC STAY
### (4733 Elm Street, Bethesda, Maryland)

Elm Street Associates, LLC ("Elm Street Associates"), by counsel, and pursuant to 11 U.S.C. §§362(d)(1), hereby moves the Court for an order terminating the automatic stay imposed herein to permit it to obtain possession of the non-residential leased premises located at 4733 Elm Street, Bethesda, Maryland due to Debtor Kraze Bethesda, LLC's ("Debtor") failure to pay post-petition administrative Rent. As grounds in support thereof, Elm Street Associates states as follows:

1. The statutory basis for the relief requested herein is Bankruptcy Code 11 U.S.C. §§105, 362(d)(1) and 365(d)(3).

2. On December 17, 2013 (the "Petition Date"), Debtor Kraze Bethesda, LLC ("Debtor") filed a voluntary petition with this Court for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

3. Elm Street Associates is the owner of the non-residential premises located at 4733 Elm Street, Bethesda, Maryland ("Premises").

4. On or about March 22, 2011, Elm Street Associates, as landlord, and Debtor, Su Pok Higgins and Chang K. Chin, as tenants, entered into a retail Deed of Lease for the Premises. The Deed of Lease was subsequently amended pursuant to a certain First Amendment to Lease Agreement dated April 26, 2011 (the "First Amendment"), a certain Second Amendment to Lease Agreement dated May 5, 2011 (the "Second Amendment"), a certain Third Amendment to Lease Agreement dated July 22, 2011 (the "Third Amendment") and a certain Fourth Amendment to Lease Agreement dated February 23, 2012 (the "Fourth Amendment") (the Deed of Lease, the First Amendment, the Second Amendment, the Third Amendment and the Fourth Amendment are collectively referred to as the "Lease"). A copy of the Lease is attached hereto and is made a part hereof as Exhibit "A."

5. On or about July 22, 2011, Higgins and Chin assigned all of their right and interest in and to the Lease to Hyung Lim and Juom Lim pursuant to a certain Assignment Agreement dated July 22, 2011. A copy of the Assignment Agreement is attached to the Lease as part of Exhibit "A." Debtor, however, remained as a tenant under the Lease.

6. Since the Petition Date, Debtor has remained in possession of the Premises, and has continued to operate its business from the Premises. 11 U.S.C. §365(d)(3) of the Bankruptcy Code requires Debtor to timely perform its obligations under the Lease, including the payment of post-petition Rent. Under the Lease, Debtor is required to remit payment of Rent on the first (1st) day of the month. Debtor, however, has failed to pay any post-petition Rent due under the Lease in the total amount of Thirty Three Thousand Seven Hundred Forty Nine Dollars and Eighty Three Cents ($33,749.83), which sum represents the following:

a)  Monthly Base Rent (12/17/13-12/31/13):              $9,923.09
b)  Monthly Base Rent (1/14):                           $20,502.26
c)  Common Area Maintenance Charge (12/17/13 – 12/31/13): $716.55
d)  Common Area Maintenance Charges (1/14):             $1,480.48
e)  Water/Sewer charge (12/18/13):                      $1,127.45

Total Post Petition Rent Owed:                                   $33,749.83

A copy of Debtor's post-petition account statement is attached hereto and is made a part hereof as Exhibit "B."

7. Section 365(d)(3) of the Bankruptcy Code requires Debtor to timely perform its post-petition obligations under the Lease, including the payment of all post-petition Rent. The Debtor's failure to pay its post-petition Rent under the Lease is a violation of 11 U.S.C. §365(d)(3) of the Bankruptcy Code and constitutes cause for terminating the automatic stay so that Elm Street Associates can exercise its State Court remedies to obtain possession of the Premises from Debtor. 11 U.S.C. §362(d)(1).

8. Elm Street Associates is entitled to relief from the automatic stay provided in Section 362(a) of the Bankruptcy Code, for cause, for the reasons stated herein. In addition, Elm Street Associates lacks adequate protection. *See In re: Kitchen Equip. Co. of Va, Inc.*, 960 F.2d 1242 (4th Cir. 1992) (party with "interest in property" may ask for relief from stay if it lacks adequate protection). Unless the relief requested herein is granted, Elm Street Associates, as the landlord, will be left without an adequate remedy and will be unable to regain possession of its Premises from Debtor in order to mitigate its continuing losses. Debtor has failed to remit payment of any post-petition Rent to Elm Street Associates under the Lease and it continues to use, and benefit from its use of, the Premises.

9. On December 4, 2013, the District Court of Maryland for Montgomery County entered a non-redeemable judgment for possession of the Premises in favor of Elm Street Associates and against Debtor (Case No. 40724) due to Debtor's failure to pay Rent under the Lease. Debtor's eviction from the Premises was scheduled for December 18, 2013. Given that a judgment for possession has already be entered against Debtor and that such judgment is not redeemable under Maryland State law, Elm Street Associates requests0 that, in addition to all

other available State Court remedies, it be permitted to enforce the judgment for possession entered in the above case and to re-schedule the eviction.

10. Section 29B of the Lease obligates Debtor to pay Elm Street Associates its reasonable attorney fees and costs incurred in connection with Elm Street Associates' successful enforcement of its rights and remedies against Debtor. See Lease, Exhibit "A." Attorney fees incurred by a landlord in connection with enforcing its rights post-petition are recoverable as an administrative expense or as part of the cure for any assumption of the Lease. *Three Sisters Partners, LLC v. Harden,* 167 F.2d 843 (4th Cir. 1999); *see also, In re: Geonex Corp.*, 258 B.R. 336, 340 (Bankr. D. Md. 2001)(fees allowable where lease provision granted counsel fees incurred in seeking to obtain possession after default); *In re: Entertainment, Inc.*, 223 B.R. 141 (Bankr. E.D. Ill. 1998). As long as the underlying lease gives a landlord the right to recover its counsel fees upon default, landlords can recover the legal fees it incurs "to enforce the debtor's timely performance under § 365(d)" of the Bankruptcy Code. *In re: Geonex Corp.*, 258 B.R. at 342.

WHEREFORE, Elm Street Associates, LLC respectfully requests the Court to terminate the automatic stay imposed herein pursuant to 11 U.S.C. §§362(d)(1) and to permit Elm Street Associates, LLC to re-gain possession of the nonresidential premises located at 4733 Elm Street Bethesda, Maryland 20814 from Debtor by exercising its State law remedies, to award Elm Street Associates, LLC its reasonable attorney fees and costs incurred in this matter and for such other relief as the Court may deem proper and just.

Date: 01/06/14                                              Respectfully submitted,

                                                            By: /s/ Andrew B. Schulwolf
                                                                Andrew B. Schulwolf, VSB No. 35874
                                                                Albert & Schulwolf, LLC
                                                                2273 Research Blvd., Suite 200
                                                                Rockville, Maryland 20850
                                                                (301) 519-1919 (office)
                                                                (301) 519-9222 (fax)
                                                                andrew@albertandschulwolf.com
                                                                Counsel for Movant Elm Street Associates, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January 2014, I electronically filed Elm Street Associates, LLC's Motion for Relief from the Automatic Stay with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to registered ECF filers. Additionally, a copy of the Motion for Relief from Automatic Stay and was mailed via first (1st) class, postage prepaid, upon creditors who are not ECF registered users. A copy of the foregoing was also served via first (1st) class, U.S. mail, upon the following:

        Bhavik Dalpat Patel Esq.
        MacDowell & Associates, P.C.
        10500 Sager Avenue
        Suite F
        Fairfax, VA 22030
        Counsel for Debtor

        Kraze Bethesda, LLC
        4031 University Drive
        Suite 570
        Fairfax, Virginia 22030

        Bradley David Jones, Esq
        Office of the U.S. Trustee
        115 South Union Street
        Suite 210
        Alexandria, VA  22314-3361

        Coastal Sunbelt Produce
        8704 Bollman Place
        Savage, MD 20763

        US Foods
        P.O. Box 75368
        Baltimore, MD 21275

Verizon
P.O. Box 660720
Dallas, TX 75266

Comcast
P.O. Box 3005
Southeastern, PA 19398

Washington Gas
P.O. Box 37747
Philadelphia, PA 19101

Pepco
P.O. Box 13608
Philadelphia, PA 19101

Robert Oxygen Co.
P.O. Box 5507
Rockville, MD 20855

Montgomery County
255 Rockville Pike,
L-15
Rockville, MD 20855

M&T Bank
P.O. Box 790408
St. Louis, MO 63179

TOG
17 Bank Street
Attleboro, MA 02703

Together F&C, LLC
4663 Buckhorn Ridge
Fairfax, VA 22030

Smart Heating & Air Conditioning
14923 Calbern Dr.
Centreville, VA 20120

Orkin
7180 Troy Hill Dr.
Suite G
Elkridge, MD 21075

Muzak
1703 W. 5th Street
Suite 600
Austin, TX 78703

ADT
P.O. Box 371956
Pittsburgh, PA 15250

/s/ Andrew B. Schulwolf
Andrew B. Schulwolf